UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LETITIA HODGES,

       Plaintiff,

v.                                          Case No. 3:23-cv-1113-TJC-PDB

MATTHEW M. TONUZI, et al.,

       Defendants.

## ORDER

On September 22, 2023, proceeding without counsel, plaintiff filed a complaint styled as an emergency in which she appeared to be attempting to stop eviction proceedings. The same day, the Court entered an order (Doc. 3) stating that, for a variety of reasons (including questionable jurisdiction), to the extent plaintiff was seeking emergency relief, that request was denied. The Court also directed plaintiff to file an amended complaint not later than October 16, 2023 to cure the deficiencies noted by the Court. Plaintiff has now returned with an amended emergency complaint (Doc. 4) and a separate motion for a temporary injunction (Doc. 5).

Upon review of plaintiff's new filings, she fails to demonstrate that the entry of an emergency injunction is warranted. See, e.g., Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (setting forth four-part standard to secure

emergency injunctive relief, which includes demonstrating a "substantial likelihood of success on the merits"). While the Court understands that eviction proceedings may be imminent, plaintiff's filings do not explain how she has a substantial likelihood of success on the merits of this case, and the Court cannot find a basis to believe that she does. Instead, to the extent plaintiff is seeking review in this Court of the state court final judgment in the eviction action (none of the papers related to that suit are provided, but the amended complaint references the state court "final judgment"), this case is likely barred by the Rooker-Feldman doctrine[1] (and if the state court proceedings remain ongoing, the Younger abstention doctrine[2] likely bars this suit). To the extent she is claiming that the apartment from which she is being evicted (an address in Jacksonville), is not within the state, that argument is frivolous. If she is making some other claim, it is not evident from her papers.

---

[1] See, e.g., Lozman v. City of Riviera Beach, 713 F.3d 1066, 1072 (11th Cir. 2013) ("The Rooker-Feldman doctrine states that federal district courts have no authority to review final judgments of a state court") (citation and internal quotations omitted).

[2] See, e.g., Thomas v. Florida, No. 3:19-cv-365-J-34JRK, 2019 WL 1767228, at *2 (M.D. Fla. Apr. 22, 2019) (collecting cases to support federal court application of Younger doctrine as a bar against enjoining state court eviction proceedings).

Accordingly, it is hereby

**ORDERED**:

Plaintiff's motion for temporary injunction (Doc. 5) is **denied**. To the extent plaintiff intends to further pursue this matter, she may file a second amended complaint not later than **October 16, 2023**, but her complaint must explain how this federal court has jurisdiction; otherwise, this case will be dismissed without prejudice without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of September, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Pro se plaintiff

3